NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-2016

UNITED STATES OF AMERICA

v.

LAQUAN ALLEN
a/k/a
KHABIR,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00499-001)
District Judge: Honorable Gerald A. McHugh

Submitted under Third Circuit LAR 34.1(a)
on January 11, 2018

Before: JORDAN, ROTH, Circuit Judges and MARIANI*, District Judge

(Opinion filed: January 31, 2019)

OPINION**

---

* The Honorable Robert D. Mariani, United States District Court Judge for the Middle District of Pennsylvania, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

In April 2016, Appellant Laquan Allen pled guilty under Federal Rule of Criminal Procedure 11(c)(1)(C) to one count of knowing and intentional possession with the intent to distribute a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The parties jointly agreed to a sentence of 42 months of imprisonment, six years of supervised release, a fine if determined to be appropriate, and a $100 special assessment. A year later, the District Court imposed the jointly recommended sentence, which Allen now appeals.

Allen's lawyer has filed a motion to withdraw as appellate counsel, along with the requisite brief under *Anders v. California*.[1] She contends that there are no non-frivolous issues on appeal. We agree. Accordingly, we will grant the motion to withdraw and affirm the judgment of the District Court.

I.

Under *Anders*, appellate counsel may request to withdraw if the appeal is "wholly frivolous."[2] To vet that request, we undertake a two-fold inquiry: First, was counsel's *Anders* brief adequate? Second, does an independent review of the record reveal any non-frivolous issues?[3]

As for the first inquiry, an adequate *Anders* brief "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues" and "explain[s] why

---

[1] 386 U.S. 738 (1967).
[2] *Id.* at 744.
[3] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

2

the issues are frivolous. Counsel need not raise and reject every possible claim," but the brief should reveal a "conscientious examination" of the record.[4]

As for the second inquiry, we assess whether the appeal has "any basis in law or fact."[5] When an *Anders* brief is adequate, we limit our analysis to those issues and portions of the record identified in the brief.[6]

## II.

To discharge her duties under *Anders*, counsel raises in her brief three potentially non-frivolous grounds for an appeal: (1) the District Court's jurisdiction to accept Allen's guilty plea, (2) the validity of the plea, and (3) the legality and reasonableness of the sentence imposed. Our review of the record and the brief supports the conclusion that counsel's efforts were adequate under *Anders*. We also conclude that each of those arguments is frivolous.

First, because Allen pled guilty to a federal crime, the District Court had jurisdiction under 18 U.S.C. § 3231.[7]

Second, at his plea hearing, the District Court engaged Allen in a comprehensive colloquy, which—among other things—informed Allen of his trial and appellate rights, explained that Allen would be waiving those rights by pleading guilty, confirmed that Allen had committed the crime in question, and established that his plea was truthful and

---

[4] *Id*. (internal citations omitted).
[5] *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988).
[6] *Youla*, 241 F.3d at 301.
[7] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

voluntary. Accordingly, Allen's plea complied with Federal Rule of Criminal Procedure 11 and the constitutional requirements of *Boykin v. Alabama*.[8]

Third, the parties had previously agreed to the exact sentence imposed, which fell below the statutory maximum of 30 years of imprisonment. Although the sentence reflected an upward variance from the advisory range prescribed by the Federal Sentencing Guidelines, it was appropriate in view of Allen's criminal history and the other sentencing factors set forth in 18 U.S.C. § 3553 and ably considered by the District Court. Accordingly, Allen's sentence was proper.

## III.

For the reasons above, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

---

[8] 395 U.S. 238, 242 (1969) (requiring a guilty plea to be "intelligent and voluntary" for constitutional purposes).